UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAVERHILL COKE COMPANY LLC,<br>Petitioner,<br>v.<br>ALGOMA STEEL INC.,<br>Respondent. | Case No. 26 Civ. 4407 (JSR) |

**~~[PROPOSED]~~ AGREED ORDER**

**WHEREAS,** this matter is before the United States District Court for the Southern District of New York (the "Court") in the above-captioned action (the "Action");

**WHEREAS,** Haverhill Coke Company LLC ("Haverhill") and Algoma Steel Inc. ("Algoma," and, together with Haverhill, the "Parties") have, through their respective counsel, conferred regarding Algoma's desire to discharge the Court's attachment order dated June 1, 2026 as confirmed by order of the Court dated June 18, 2026 (ECF Nos. 3, 27) ("Attachment Order") as to all property or debts levied pursuant to said order in accord with New York Civil Practice Law and Rules ("CPLR") Section 6222 and to post security in connection therewith to secure payment should a judgment be entered against Algoma in a pending arbitration between the Parties (the "Secured Obligation");

**WHEREAS,** the Parties have agreed, solely for purposes of discharging the Attachment Order as to all property or debts levied pursuant to said order and as a mechanism to secure the Secured Obligation and without prejudice to any claim, position, or defense of either Party on the merits or otherwise, that Algoma shall cause to be issued and posted a bank-issued

letter of credit in the form of Exhibit A hereto in lieu of a cash deposit, surety bond, or other form of security;

**WHEREAS,** Haverhill, while agreeing to accept the security described herein as a procedural accommodation, does not concede the adequacy, sufficiency, or legal effect of such security, and expressly reserves any and all rights, claims, and defenses otherwise available to it, including without limitation all rights arising under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "New York Convention"), and all rights arising under the CPLR, including without limitation CPLR Articles 52, 62, and 75; and

**WHEREAS,** the Parties wish to submit this Agreed Order to the Court for approval and entry so as to memorialize the foregoing arrangement of record.

**NOW, THEREFORE,** upon the stipulation and agreement of counsel for the Parties, and good cause appearing, IT IS HEREBY STIPULATED, AGREED, AND ORDERED as follows:

1. Algoma shall cause a U.S. bank-issued, irrevocable, standby Letter of Credit (the "LOC") to be issued for the benefit of Haverhill, in the amount of USD$25,700,865.60 (the "Secured Amount"), substantially in the form annexed hereto as Exhibit A, before the close of business on October 2, 2026.

2. Nothing in this Order, the LOC, or the Escrow Agreement shall constitute, or be construed as, an admission of liability or fault by either Party, or a waiver of any claim, counterclaim, right, or defense.

3. Without limiting the generality of the foregoing, Haverhill expressly reserves any and all rights, claims, and remedies available to it, including without limitation: (i) all rights under

the New York Convention, including the right to seek recognition and enforcement of any arbitral award in this or any other jurisdiction, and all defenses to recognition or enforcement available under Article V of the New York Convention; (ii) all rights under the CPLR, including without limitation, those under CPLR Articles 52, 62, and 75; and (iii) all other rights, claims, and defenses available at law, in equity, or under any applicable contract, statute, treaty, or rule, whether or not specifically enumerated herein.

4. The posting of the LOC and entry into the Escrow Agreement by Algoma shall not be construed as a concession by Haverhill that such security is adequate, sufficient, or appropriate in amount or form, and Haverhill's acceptance thereof is without prejudice to its right to seek additional or substitute security at any time upon a showing of changed circumstances.

5. Upon entry of this Order, (a) the U.S. Marshal for the Southern District of New York shall release all property or debt levied upon pursuant to the Attachment Order up to the amount of the LOC and shall return such released property or debt to the party or person upon whom the levy was served; (b) all such released property shall thereafter be deemed to be free of any attachment, lien, or other encumbrance as may have been occasioned by any levy pursuant to the Attachment Order; and (c) no further levy pursuant to the Attachment Order shall be made.

6. This Court shall retain jurisdiction over the Parties and this matter for purposes of enforcing, interpreting, and, if necessary, modifying this Order, the LOC, and the Escrow Agreement.

**IT IS SO STIPULATED.**

Dated: October 2, 2026

By: [signature]

Elizabeth A. Edmondson
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036-2711
EEdmondson@jenner.com
(212) 891-1600

Catherine L. Steege (*pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
CSteege@jenner.com
(312) 222-9350

Kenneth D. Beale (*pro hac vice*)
Emma J. O'Connor (*pro hac vice*)
Jenner & Block LLP
1099 New York Ave NW #900
Washington, DC 20001
KBeale@jenner.com
EOConnor@jenner.com
(202) 639-6000

*Counsel for Petitioner Haverhill Coke Company LLC*

By: /s/ Emily Mathieu

Emily Mathieu
Brian P. Lanciault, Jr.
THOMPSON HINE LLP
300 Madison Ave., 27th Floor
New York, New York 10017
T: (212) 908-3963
Emily.Mathieu@ThompsonHine.com
Brian.Lanciault@ThompsonHine.com

Kip T. Bollin (*pro hac vice*)
3900 Key Center, 127 Public Square
Cleveland, OH 44114-1291
T: (216) 566-5634 / F: (216) 566-5800
Kip.Bollin@ThompsonHine.com

*Counsel for Respondent Algoma Steel, Inc.*

**SO ORDERED:**

[signature]
Hon. Jed. S. Rakoff, U.S.D.J.

Dated: October 7, 2026

New York, New York