UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAVERHILL COKE COMPANY LLC,<br>Petitioner,<br>v.<br>ALGOMA STEEL INC.,<br>Respondent. | Case No. 26 Civ. 4407 (JSR) |

**[PROPOSED] AGREED ORDER**

**WHEREAS**, on June 1, 2026, the Court entered an Order Granting Ex Parte Attachment, as confirmed by order dated June 18, 2026 (ECF Nos. 3, 27) (as so confirmed, the "Attachment Order"), which directed Haverhill Coke Company LLC ("Haverhill") to post a bond in the amount of $250,000.00 as security;

**WHEREAS**, on June 15, 2026, Haverhill delivered to the Clerk of Court Bond on Garnishment No. DUA005208 in the amount of $250,000.00 (the "Bond"), issued by AXIS Insurance Company (the "Surety"), which was docketed on June 17, 2026 (ECF No. 17);

**WHEREAS**, on October 22, 2026, Haverhill and Algoma Steel Inc. ("Algoma," and together with Haverhill, the "Parties") filed a Stipulation of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which the Court so-ordered, dismissing this action with prejudice (ECF No. 78); and

**WHEREAS**, in light of that dismissal, the Parties agree that the Bond no longer serves any purpose in this action and should be released and the Surety exonerated;

**NOW, THEREFORE**, upon the stipulation and agreement of the Parties, and good cause showing, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties through their respective counsel, subject to the approval of the Court, as follows:

1. Upon entry of the accompanying Order, the Bond is released and discharged, the Surety is exonerated from any further liability under the Bond, and Algoma's right to make any claim upon the Bond is terminated.

2. Algoma confirms that it has not made any claim or demand upon the Bond or the Surety, and agrees that it will not do so after the date of this Stipulation.

3. Within five (5) business days after entry of the Order, Haverhill shall (a) deliver to the Surety, with a copy to Algoma's counsel, a copy of the Order and written notice that the Bond has been released and discharged, and (b) to the extent the Clerk of Court holds the original Bond, request its return, together with any riders, for delivery to the Surety.

4. The Court retains jurisdiction for purposes of enforcing this Order.

**IT IS SO STIPULATED.**

Dated: October _27_, 2026
By: ______________________

Elizabeth A. Edmondson
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036-2711
EEdmondson@jenner.com
(212) 891-1600

Catherine L. Steege (*pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
CSteege@jenner.com
(312) 222-9350

Kenneth D. Beale (*pro hac vice*)
Emma J. O'Connor (*pro hac vice*)
Jenner & Block LLP
1099 New York Ave NW #900
Washington, DC 20001
KBeale@jenner.com
EOConnor@jenner.com
(202) 639-6000

*Counsel for Petitioner Haverhill Coke Company LLC*

By: ______________________

Emily Mathieu
Brian P. Lanciault, Jr.
THOMPSON HINE LLP
300 Madison Ave., 27th Floor
New York, New York 10017
T: (212) 908-3963
Emily.Mathieu@ThompsonHine.com
Brian.Lanciault@ThompsonHine.com

Kip T. Bollin (*pro hac vice*)
3900 Key Center, 127 Public Square
Cleveland, OH 44114-1291
T: (216) 566-5634 / F: (216) 566-5800
Kip.Bollin@ThompsonHine.com

*Counsel for Respondent Algoma Steel, Inc.*

**SO ORDERED:**

______________________
Hon. Jed. S. Rakoff, U.S.D.J.

Dated: ~~October~~ 11/2/, 2026
New York, New York